UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:  5:10-cv-352-Oc-10GRJ

JESSICA LEE,

      Plaintiff,

v.

TOTAL MARKETING CONCEPTS, INC.,
a Florida corporation, and TOTAL
MARKETING TRAINING, INC., a Florida
 corporation, ANDREW DORKO and
LINDA HARPER, individually,

      Defendants.

_____/

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiff, JESSICA LEE (hereinafter referred to as "Plaintiff"), was an employee (despite being misclassified as an independent contractor) of Defendants, TOTAL MARKETING CONCEPTS, INC., a Florida corporation, TOTAL MARKETING TRAINING, INC., a Florida corporation, ANDREW DORKO and LINDA HARPER, and brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2.     The economic reality was that Plaintiff was an employee of Defendants, and performed her duties in Longwood, Seminole County, Florida, which is within the jurisdiction of this Court.

3.     Defendant, TOTAL MARKETING CONCEPTS, INC., is a Florida corporation with its principal place of business in Sanford, Florida.

4.     Defendant, TOTAL MARKETING TRAINING, INC., is a Florida corporation with its principal place of business in Sanford, Florida.

5.     At all times material hereto, ANDREW DORKO, was and is an individual resident of the State of Florida, who owns, manages, and/or operates TOTAL MARKETING CONCEPTS, INC. and TOTAL MARKETING TRAINING, INC., and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of TOTAL MARKETING CONCEPTS, INC. and TOTAL MARKETING TRAINING, INC.  By virtue of such control and authority, ANDREW DORKO is an employer as such term is defined by the FLSA.  29 U.S.C. 201 et seq.

6.     At all times material hereto, LINDA HARPER, was and is an individual resident of the State of Florida, who owns, manages, and/or operates TOTAL MARKETING CONCEPTS, INC. and TOTAL MARKETING TRAINING, INC., and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of TOTAL MARKETING CONCEPTS, INC. and TOTAL MARKETING TRAINING, INC.  By virtue of such control and authority, LINDA HARPER is an employer as such term is defined by the FLSA.  29 U.S.C. 201 et seq.

7.     Defendants, TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., ANDREW DORKO and LINDA HARPER are joint employers of Plaintiff because they are commonly controlled and not completely disassociated with respect to the terms of compensation and employment of Plaintiff.

8.     Defendants, TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., ANDREW DORKO and LINDA HARPER, directly or indirectly acted in the

interest of an employer toward Plaintiff, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiff.

9.    This action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

10.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

11.    At all times pertinent to this Complaint, Defendants, TOTAL MARKETING CONCEPTS, INC. and TOTAL MARKETING TRAINING, INC., were enterprises engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and had an annual gross sales volume in excess of $500,000.00.

12.    In addition, Plaintiff herself was engaged in interstate commerce at all times pertinent to this Complaint.

13.    Venue is proper pursuant to 28 U.S.C. §1391.  The Court has jurisdiction over the Defendants, and in regard to Plaintiff.

14.    During Plaintiff's employment, she worked as a non-exempt Customer Service Representative and was paid by the hour.

15.    In that position, Defendants misclassified Plaintiff as an independent contractor, although Defendants set Plaintiff's work schedule, controlled her earnings, and supervised her work.

16.    Plaintiff's duties included tasks such as describing Defendants' products, updating Defendants' customer lists and making and receiving phone calls to and from Defendants' customers.

17.     In the course of employment with Defendants, Plaintiff was not paid time and one-half of her regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks.   Instead, Defendants only paid Plaintiff an hourly rate, with no additional compensation for overtime hours worked.

18.     Although Defendants paid Plaintiff based on an hourly rate, Defendants only paid them at their regular rate for all hours worked, including those hours over 40 in multiple work weeks.

19.     Defendants accomplished this by engaging in a practice in which Plaintiff would punch in at the beginning of her day with a time card for one Defendant.   Then later in the day, she would punch out from work with that Defendant.   She would then punch in again and work on the time card of the other Defendant for the rest of the day.   As a result, her hours, at the end of each day and the end of each week, would be divided between two different named corporations, although she was performing the same work, in the same location, under the same supervision for joint employers.   However, Defendants would issue their compensation through separate pay checks to avoid having single checks reflect overtime hours worked.

20.     Additionally, Plaintiff earned commissions which were not factored into her regular rate for purposes of computing overtime wages due.

21.     At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 201-209, in that Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay her for those hours worked in excess of forty (40) within a work week.

22.     The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

23.     Plaintiff has retained the undersigned counsel to represent her in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

24.     Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

25.     Plaintiff readopts and realleges the allegations contained in paragraphs 1 through 24 above.

26.     Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

27.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, plus incurred costs and reasonable attorney's fees.

28.     As a result of Defendants' willful violation of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, JESSICA LEE, demands judgment against Defendants, TOTAL MARKETING CONCEPTS, INC., a Florida corporation, TOTAL MARKETING TRAINING, INC., ANDREW DORKO and LINDA HARPER, jointly and severally, for the payment of all overtime hours at one and one-half times her regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: April 14, 2011
Boca Raton, Florida

Respectfully submitted,

**/s/CAMAR R. JONES**
Gregg I. Shavitz, Esquire
Trial Counsel
E-mail: gshavitz@shavitzlaw.com
Florida Bar No. 11398
Camar R. Jones, Esquire
E-mail: cjones@shavitzlaw.com
Florida Bar No. 720291
Shavitz Law Group, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

## CERTIFICATE OF SERVICE

I hereby certify that on **April 14, 2011**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**/s/CAMAR R. JONES**
Camar R. Jones

## SERVICE LIST
*Jessica Lee  v.  Total Marketing Concepts, Inc., et al*
**CASE NO.:  5:10-cv-352-Oc-10GRJ**
**United States District Court for the Middle District of Florida**

Richard Smith
E-mail: rsmith@fisherlawfirm.com
Fisher Rushmer Werrenrath, Dickson, Talley & Dunlap, P.A.
20 North Orange Ave
Suite 1500
Orlando, Florida 32802-0712
Telephone: (407)843-2111
Facsimile: (407)422-1080
Attorneys for Defendants